## IN UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERT ZEMAN, | Civil Action No.: |
| Plaintiff, | |
| v. | **JURY TRIAL DEMANDED** |
| CITY OF FARRELL, CHIEF JON C. ROCOCI, JOHN DOE, CITY OF HERMITAGE, CHIEF ERIC JEWELL, and JOHN DOE 2, | |
| Defendants. | |

### PLAINTIFF'S COMPLAINT

Plaintiff Robert Zeman, by and through his undersigned counsel, hereby complaints and alleges as follows:

### JURISDICTION

1. This Court has jurisdiction over this action under the provisions of 28 U.S.C. §§ 1331, 1341, and 1343 because it is filed to obtain compensatory and punitive damages for the deprivation, under color of state law, of the rights of a citizen of the United States secured by the Constitution and federal law pursuant to 42 U.S.C. § 1983.

2. Venue is appropriate in this judicial district under 28 U.S.C. § 1391(e)(2) because the events giving rise to Plaintiff's claims occurred in the judicial district.

### PARTIES

3. Plaintiff Robert Zeman is a citizen of the United States and currently resides in Cumberland County, Pennsylvania.

4. At all times relevant herein, and upon information and belief, Defendant City of Farrell is a municipality duly incorporated under the laws of the Commonwealth of Pennsylvania

with its principal place of business at 500 Roemer Boulevard, Farrell, Mercer County, Pennsylvania 16121.

5. At all times relevant herein, and upon information and belief, Defendant Jon C. Rococi was employed by the City of Farrell as the Chief of Police, with his principal place of business being 500 Roemer Boulevard, Farrell, Mercer County, Pennsylvania 16121.

6. At all times relevant herein, and upon information and belief, Defendant John Doe was employed by the City of Farrell as a police officer, with his principal place of business being 500 Roemer Boulevard, Farrell, Mercer County, Pennsylvania 16121.

7. At all times relevant herein, and upon information and belief, Defendant City of Hermitage is a municipality duly incorporated under the laws of the Commonwealth of Pennsylvania with its principal place of business at 800 N. Hermitage Road, Hermitage, Mercer County, Pennsylvania 16148.

8. At all times relevant herein, and upon information and belief, Defendant Eric Jewell was employed by the City of Hermitage as the Chief of Police, with his principal place of business being 800 N. Hermitage Road, Hermitage, Mercer County, Pennsylvania 16148.

9. At all times relevant herein, and upon information and belief, Defendant John Doe 2 was employed by the City of Hermitage as a police officer, with his principal place of business being 800 N. Hermitage Road, Hermitage, Mercer County, Pennsylvania 16148.

**FACTS**

10. On December 6, 2018, at around 1:00 a.m. Robert Zeman unlawfully entered the premises of Farrell Golden Dawn, a supermarket located at 827 Sharon New Castle Road, Farrell, Mercer County, Pennsylvania 16121.

11. Upon information and belief, at or around 1:00 a.m., Farrell Police Department was dispatched to Farrell Golden Dawn for an alleged trespassing and burglary.

12. Farrell Police Department also requested assistance from neighboring police, including Hermitage Police Department, Sharon Township Police Department, and Shenango Township Police Department.

13. While still at Farrell Golden Dawn, Mr. Zeman heard law enforcement officers approaching.

14. Mr. Zeman climbed into a drop ceiling of a storage room at the Farrell Golden Dawn.

15. Mr. Zeman then fell through the drop ceiling onto the ground in front of law enforcement officers.

16. Mr. Zeman was able to stand up and pull himself back up into the ceiling.

17. Mr. Zeman waited in the ceiling for law enforcement officers to leave.

18. However, when the law enforcement officers did not leave, Mr. Zeman climbed out of the ceiling onto a storage shelf.

19. Mr. Zeman stood up with his hands at chest height.

20. Mr. Zeman saw a law enforcement officer and turned to run away.

21. As he turned away, no law enforcement officer shouted any warnings such as "stop" or "put your hands up."

22. Instead, upon information and belief, John Doe fired his weapon and shot Mr. Zeman in top of his head.

23. Upon information and belief, John Doe 2 also fired his weapon at Mr. Zeman.

24. Upon information and belief, John Doe was employed by the City of Hermitage as a law enforcement officer.

25. Upon information and belief, John Doe 2 was employed by the City of Farrell as a law enforcement officer.

26. At 1:21 a.m., Mr. Zeman was taken into custody.

27. Mr. Zeman then wavered in and out of consciousness; however, he distinctly recalls hearing a law enforcement officer say "shit, oh shit."

28. Mr. Zeman was transferred to Mercy Health – St. Elizabeth Youngstown Hospital and was diagnosed with gunshot wound of the head, open depressed fracture of skull, subarachnoid hemorrhage, subdural hematoma, and intraparenchymal hematoma of brain.

## COUNT I

### Violation of Constitutional Rights Under Color of State Law:

### Application of Excessive Force

### Robert Zeman vs. City of Farrell, Chief Jon C. Rococi, and John Doe

29. Plaintiff incorporates Paragraphs 1 through 28 as if fully set forth herein.

30. The Fourth Amendment to the United States Constitution protects citizens from unreasonable seizures by government officials. Specifically, the Fourth Amendment precludes police officers from utilizing unreasonable force against citizens to affect their detention.

31. Defendant John Doe's use of force against Mr. Zeman by firing his weapon into his head was far in excess of that required to restrain Mr. Zeman.

32. Defendant John Doe's use of force against Mr. Zeman by firing his weapon into his head was also far in excess of the amount of force that would be deemed objectively reasonable.

33. Defendant John Doe's conduct represents a violation of Mr. Zeman's rights under the Fourth Amendment of the United States Constitution.

34. Defendant John Doe's conduct also represents a violation of 42 U.S.C. § 1983 given that his actions were undertaken under color of state law.

35. As a direct and proximate result of the unconstitutional acts described above, Mr. Zeman has been irreparably injured.

## COUNT II

### Violation of Constitutional Rights Under Color of State Law:

### Application of Excessive Force

### Robert Zeman vs. City of Hermitage, Chief Eric Jewell, and John Doe 2

36. Plaintiff incorporates Paragraphs 1 through 35 as if fully set forth herein.

37. The Fourth Amendment to the United States Constitution protects citizens from unreasonable seizures by government officials. Specifically, the Fourth Amendment precludes police officers from utilizing unreasonable force against citizens to affect their detention.

38. Defendant John Doe 2's use of force against Mr. Zeman by firing his weapon into his head was far in excess of that required to restrain Mr. Zeman.

39. Defendant John Doe 2's use of force against Mr. Zeman by firing his weapon into his head also was far in excess of the amount of force that would be deemed objectively reasonable.

40. Defendant John Doe 2's conduct represents a violation of Mr. Zeman's rights under the Fourth Amendment of the United States Constitution.

41. Defendant John Doe 2's conduct also represents a violation of 42 U.S.C. § 1983 given that his actions were undertaken under color of state law.

42. As a direct and proximate result of the unconstitutional acts described above, Mr. Zeman has been irreparably injured.

## COUNT III

**Violation of Constitutional Rights Under Color of State Law:**

**Implementation of Municipal Policies and Practices that Directly Violate Constitutional Rights, Failure to Implement Municipal Policies to Avoid Constitutional Deprivations and Failure to Train and Supervise Employees under Color of State Law**

**Robert Zeman v. City of Farrell, Chief Jon C. Rococi, and John Doe**

43. Plaintiff incorporates Paragraphs 1 through 42 as if fully set forth herein.

44. At all times relevant herein, Defendant Jon C. Rococi, as Chief of Police of the City of Farrell Police Department, was responsible for the conduct of all City of Farrell police officers, including but not limited to, Defendant John Doe.

45. Defendant Jon C. Rococi failed in this responsibility, as is self-evident by the conduct at issue in this litigation.

46. At all times relevant herein, Defendant Jon C. Rococi individually, and in his official capacity as Chief of Police, was responsible for implementing the rules and regulations in regard to hiring, screening, training, supervising, controlling, disciplining, and assigning officers to their duties in the City of Farrell Police Department.

47. Upon information and belief, at the time of incident in question, Defendant Jon C. Rococi and the City of Farrell were responsible for establishing policies and procedures to be utilized by the City of Farrell Police Department. Upon information and belief, Defendant Jon C. Rococi and the City of Farrell have failed to promulgate appropriate written policies to address a range of subjects, including the use of force and use of weapons.

48. Defendants Jon C. Rococi and the City of Farrell were deliberately indifferent in that they either expressly or impliedly acknowledged and assented to the failure to train, supervise, control, or otherwise screen employees of the City of Farrell, including but not limited to Defendant John Doe, for dangerous propensities, lack of training and/or skill, or other characteristics making them unfit to perform their duties.

49. In the alternative, and upon information and belief, the Defendants named above have instituted policies addressing the proper conduct regarding police officer interactions and use of force with the populace of the City of Farrell, but then through gross negligence and carelessness, demonstrated indifference to the citizens under their care by failing or intentionally refusing to enforce them.

50. The above-named Defendants have demonstrated deliberate indifference to the state and federal statutory rights of Mr. Zeman and others, and therefore, the policies, procedures, customs and practices of the above-named Defendants violated the statutory rights of the Plaintiff.

51. This conduct on the part of the Defendant City of Farrell also represents a violation of 42 U.S.C. § 1983 given that its actions were undertaken under color of state law.

52. The policies, procedures, and practices of the above-named Defendants violated the rights of Mr. Farrell under the Fourth, Fifth, and Fourteenth Amendments of the United States Constitution.

53. This conduct on the part of Defendants also represents a violation of 42 U.S.C. § 1983 given that their actions were undertaken under color of state law.

54. As a direct and proximate result of the unconstitutional acts described above, Plaintiff has been irreparably injured.

**COUNT IV**

**Violation of Constitutional Rights Under Color of State Law:**

**Implementation of Municipal Policies and Practices that Directly Violate Constitutional Rights, Failure to Implement Municipal Policies to Avoid Constitutional Deprivations and Failure to Train and Supervise Employees under Color of State Law**

**Robert Zeman v. City of Hermitage, Chief Eric Jewell, and John Doe 2**

55. Plaintiff incorporates Paragraphs 1 through 54 as if fully set forth herein.

56. At all times relevant herein, Defendant Eric Jewell, as Chief of Police of the City of Hermitage Police Department, was responsible for the conduct of all City of Hermitage police officers, including but not limited to, Defendant John Doe 2.

57. Defendant Eric Jewell failed in this responsibility, as is self-evident by the conduct at issue in this litigation.

58. At all times relevant herein, Defendant Eric Jewell individually and in his official capacity as Chief of Police, was responsible for implementing the rules and regulations in regard to hiring, screening, training, supervising, controlling, disciplining, and assigning officers to their duties in the City of Hermitage Police Department.

59. Upon information and belief, at the time of incident in question, Defendant Eric Jewell and the City of Hermitage were responsible for establishing policies and procedures to be utilized by the City of Hermitage Police Department. Upon information and belief, Defendant Eric Jewell and the City of Hermitage have failed to promulgate appropriate written policies to address a range of subjects, including the use of force and use of weapons.

60. Defendants Eric Jewell and the City of Hermitage were deliberately indifferent in that they either expressly or impliedly acknowledged and assented to the failure to train, supervise,

control, or otherwise screen employees of the City of Hermitage, including but not limited to Defendant John Doe 2, for dangerous propensities, lack of training and/or skill, or other characteristics making them unfit to perform their duties.

61. In the alternative, and upon information and belief, the Defendants named above have instituted policies addressing the proper conduct regarding police officer interactions and use of force with the populace of the City of Hermitage, but then through gross negligence and carelessness, demonstrated indifference to the citizens under their care by failing or intentionally refusing to enforce them.

62. The above-named Defendants have demonstrated deliberate indifference to the state and federal statutory rights of Mr. Zeman and others, and therefore, the policies, procedures, customs and practices of the above-named Defendants violated the statutory rights of the Plaintiff.

63. This conduct on the part of the Defendant City of Hermitage also represents a violation of 42 U.S.C. § 1983 given that its actions were undertaken under color of state law.

64. The policies, procedures, and practices of the above-named Defendants violated the rights of Mr. Zeman under the Fourth, Fifth, and Fourteenth Amendments of the United States Constitution.

65. This conduct on the part of Defendants also represents a violation of 42 U.S.C. § 1983 given that their actions were undertaken under color of state law.

66. As a direct and proximate result of the unconstitutional acts described above, Plaintiff has been irreparably injured.

## DEMAND FOR PUNITIVE DAMAGES

67. The actions of the Defendants described herein were extreme and outrageous and shock the conscience of a reasonable person. Consequently, an award of punitive damages is appropriate to punish the Defendants for their cruel and uncivilized conduct.

68. The Plaintiff does not seek an award of punitive damages against City of Farrell.

## DEMAND FOR TRIAL BY JURY

69. The Plaintiff hereby respectfully requests a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Robert Zeman requests that this Honorable Court grant him the following relief:

A. A judgment against all Defendants, jointly and severally, awarding compensatory damages to the Plaintiff in an amount to be determined by a properly charged jury and/or the Court;

B. A judgment against all Defendants, with the exception of the City of Farrell, awarding Punitive Damages to the Plaintiff in an amount to be determined by a properly charged jury and/or the Court;

C. A monetary award for attorneys' fees and the costs of this action, pursuant to 42 U.S.C. § 1988; and,

D. Any other relief that this Court finds to be just, proper and equitable.

Dated: December 17, 2019                    Respectfully submitted,

*/s/ D. Aaron Rihn*
D.  AARON RIHN, ESQUIRE
Pa. I.D. No.: 85752
ROBERT PEIRCE & ASSOCIATES, P.C.
707 Grant Street, Suite 125
Pittsburgh, PA 15219-1918
Telephone: 412-281-7229

Fax: 412-281-4229
E-mail: arihn@peircelaw.com